UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JB BAILEY, JR.,              ) | |
|                              ) | |
|     Plaintiff,    ) | |
|                              ) | No. 3:24-CV-152-TAV-DCP |
| v.                           ) | |
|                              ) | |
| ANDERSON COUNTY COURT,       ) | |
|                              ) | |
|     Defendant.    ) | |

### ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and his Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 4]. For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 4**], and the Court will therefore allow Plaintiff to file his Complaint without the payment of costs. The Court **RECOMMENDS**, however, that the District Judge **DISMISS** the Complaint

### I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 4] with the required detailing of his financial condition, including his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 4].[1] Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $575.66. One need not be absolutely destitute to enjoy

---

[1] When Plaintiff filed his Application, he was incarcerated at the Anderson County Detention Facility. It appears to the undersigned that he has since been released [*See* Docs. 5 and 9].

the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Application and Certificate show that Plaintiff has little income and is unable to pay such fees. Accordingly, the Court **GRANTS** Plaintiff's Application [**Doc. 4**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without the payment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[2] The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

---

[2] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## A. Summary of the Complaint

Plaintiff's action arises under 42 U.S.C. § 1983 [Doc. 1 p. 1]. He names Anderson County Court as the Defendant in this case asserting that it "acted in violation of the United States Constitution" [*Id*. at 3]. According to Plaintiff, in 2021, he asked "his public defender for a fast and speedy trial" [*Id*.]. One time, his public defender refused, and the next time, his public defender failed to bring it to the court's attention [*Id*.]. Over the course of 2020 through 2023, Plaintiff asked for a bond reduction five times, but his public defender never brought it to the court's attention [*Id*.]. Plaintiff contacted the Tennessee Board of Professional Responsibility regarding his public defender, and the court appointed him another attorney [*Id*.]. This new lawyer, Plaintiff alleges, tricked him into a six-year sentence [*Id*.]. Plaintiff had to retract his plea, be assigned a new lawyer, and "start over" [*Id*.]. Plaintiff seeks an injunction "compelling [D]efendant Anderson County Court to provide or stop[,]" and he seeks "$1,095,000.00" [*Id*. at 3, 4].

## B. Screening of the Complaint

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

3

Here, Plaintiff has sued the Anderson County Court, which is not a suable entity for purposes of § 1983. *Powell ex rel. C.P. v. Blount Cnty. Juv. Ct.*, No. 3:09-CV-411, 2010 WL 1417731, at *1 (E.D. Tenn. Apr. 5, 2010) ("However, [Blount County Juvenile Court] is not a legal entity amendable to suit under 42 U.S.C. § 1983 because it is not a "person" within the meaning of § 1983."). Even if Defendant was a suable entity, Plaintiff has not stated any cause of action against the court. Plaintiff appears to be dissatisfied with his defense attorneys that were appointed by the court. But attorneys and public defenders are not state actors. *Thomas v. Pugh*, 9 F. App'x 370, 373 (6th Cir. 2001) ("The Supreme Court has determined that a public defender is not a state actor for purposes of § 1983.") (citing *Polk County v. Dodson,* 454 U.S. 312, 321(1981)). The Court therefore finds that Plaintiff has not stated a viable claim upon which relief may be sought.

C.  **Amendment**

The Court has considered whether to allow Plaintiff to amend the Complaint. Because his claim is not viable as a matter of law, the Court finds allowing him to amend his Complaint would be an exercise of futility.

III. **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application [**Doc. 4**]. However, no process shall issue until the District Judge has ruled upon this Report and

4

Recommendation,[3] because the undersigned **RECOMMENDS**[4] that the Complaint [Doc. 1] be **DISMISSED** in its entirety.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[3] This matter is to be presented to the Chief District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).